UNITED STATES DISTRICT COURT- WESTERN DISTRICT OF VIRGINIA

DARRELL FARLEY

   Plaintiff

    V

7:18CV634

COMPLAINT

JURY TRIAL DEMANDED

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 20 2018

JULIA C. DUDLEY, CLERK
BY: A. Beeson
DEPUTY CLERK

HAROLD CLARKE; BERNARD BOOKER; SGT. S. BROWN; C. ANDERSON; MAJOR GOLDMAN; S. MEINHARD; LT. BOOKER; UNIT MANAGER SINK; C.O. J. WOODLEY; MS. S. BROWN (UNIT SUPERVISOR); ROSE DURBIN; C. RODRIEGUZ; LESLIE FLEMING; CHARLENE DAVIS; PAUL HAYMES; TODD WATSON; V. HUNT; A. HAMLET; MR. WALKER; MR. REYNOLDS; MR. JONES; MS. LEFEVERS; MR. LESAUR; C.O. POLO; OFFICER DOE #1; OFFICER DOE #2; OFFICER DOE #3; OFFICER DOE #4; OFFICER DOE #5; CAPTAIN ROSS; LT. CALL; OFFICER D. HOLMAN; R. TRENT; A. MELA;

   Defendants

* All Defendants are being sued individually and in their official capacities.

## JURISDICTION AND VENUE

This is a civil action authorized by 42 USC Section 1983 to redress the deprivation, under color of state law, of rights secured by the constitution of the United states and of the rights secured by the state of Virginia. The court has jurisdiction under 28 USC Section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 USC section 2201 and 2202. Plaintiffs claim for injunctive relief are authorized by 28 USC Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil procedure.

-1-

The Western District of Virginia is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occured.

## PLAINTIFF

Plaintiff, Darrell Farley, inmate #1498091, is and was at all times mentioned herein a prisoner of the state of Virginia in the custody of the Virginia Department of Corrections ("VDOC"). Plaintiff is currently confined at Keen Mountain Correctional Center in Oakwood, Virginia. Address: PO Box 860 Oakwood VA 24631

## DEFENDANTS

Harold Clarke is the Director of the state of Virginia Department of Corrections. He is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including Buckingham Correctional Center.

Bernard Booker is the Warden of Buckingham Correctional Center. He is legally responsible for the operation of Buckingham Correctional Center and for the welfare of all the inmates in that prison.

Sgt. S. Brown is a correctional officer of the state of Virginia Dept of Corrections, who at all times in this complaint held the rank of Sgt and assigned to Buckingham Correctional Center

-2-

C. Anderson is the operations manager and PREA compliance manager assigned to Buckingham Correctional Center. She is responsible for operations and making sure the facility is compliant with PREA policy.

Major Goldman is the major at Buckingham. He is responsible as chief of security of this prison.

S. Meinhard is the Human Rights Advocate / Grievance Coordinator for Buckingham Correctional Center. She is responsible to adhere to policies, 866.1 "Offender Grievance Procedure".

Lt. Booker is a correctional officer of the state of Virginia Dept of corrections. At all times in this complaint he had rank of Lt and was assigned to Buckingham Correctional Center. ("BKCC")

Unit Manager Sink was at all times mentioned assigned to BKCC.

J. Woodley is a correctional officer of the State of Virginia Dept of corrections. All times in this complaint was assigned to BKCC.

Unit Manager S. Brown was at all times mentioned assigned to BKCC.

Rose Durbin is the statewide VDOC ADA/PREA Supervisor. She is responsible for making sure all facilities in jurisdiction comply with ADA/PREA bylaws/policys.

-3-

C. Rodriegues is the Regional ombudsman for BKCC.

Leslie Fleming is an employee working at Regional ombudsman office. Her title is Regional Administrator.

Charlene Davis is an employee working at Regional ombudsman office.

Paul Haymes is an officer with the State of Virginia Dept of Corrections. His rank is chief of investigations.

Todd Watson is an officer/Agent with the State of Virginia Dept of Corrections. Assigned to B.K.C.C.

V. Hunt is Food Service Director, responsible for operations of that department/BKCC

A. Hamlet is a Shift Supervisor in Food Service for BKCC employed by VDOC.

Mr. Walker is a shift Supervisor in Food service for BKCC employed by VDOC.

Mr. Reynolds is a Shift Supervisor in Food Service for BKCC employed by VDOC.

Mr. Jones is a Shift manager in Food Service for BKCC employed by VDOC

Ms. LeFevers is the Assistant Warden of BKCC. She is legally responsible

for the operation of BKCC and for all the welfare of the inmates there.

Mr. LeSavr is an intel officer at BKCC Investigations office.

Polo is an intel officer at BKCC Investigations office.

Officer Doe #1, officer Doe #2, officer Doe #3, officer Doe #4 and officer Doe #5 all are officers with the State of Virginia Dept of Corrections assigned to BKCC. Plaintiff is unsure of their names and rank and asks the court if he can add their correct names upon identification.

Captain Ross is an officer of the state of Virginia Department of Corrections. During this complaint he was assigned to BKCC.

Lt. Call is an officer with the state of VA Dept of Corrections. At times mentioned in this action was assigned to BKCC

Officer D. Holman is with the state of VA Dept of Corrections, at all times assigned to BKCC.

R. Trent is the chief of Housing/programs at BKCC, employed by VDOC.

A. Meia is a counselor at BKCC employed by VDOC.

-5-

Each defendant is being sued in their individual and official capacities. At all times mentioned in this complaint each were acting under color of state law on duty with VDOC at BKCC.

## FACTS

Because of sexual assaults plaintiff suffered in VDOC, plaintiff was transferred by PREA unit and CCS to BKCC in October 2014 for safety, in a single cell assignment. It is well documented, as well as in VACORIS, that Plaintiff is a HRSV (High Risk Sexual Known Victim) under PREA in VDOC. All defendants named were substantially knowing of plaintiffs sexual abuse in VDOC and that he was at BKCC for safety. Plaintiff is a LGBTQ known inmate, which all Defendants fully knew. PREA set up a job for plaintiff in food service.

The defendants being deliberately indifferent to plaintiffs imminent risk of victimization (sexual) allowed inmates to breach security and plaintiff suffered sexual assaults by inmates and by Correctional officers at BKCC. They allowed plaintiff's cell to be entered by inmates not assigned to the cell or the unit. Defendants allowed plaintiff to be threatened, intimidated, and raped at the Facility. When plaintiff reported sexual abuses/dangers he was retaliated against by Defendants. Plaintiff was even moved to a different unit at BKCC and 2 different cells when plaintiff told the Defendants (and in writing) he would be victimized. The Emergency Grievance procedure was not made available to plaintiff. Where plaintiff is LGBTQ defendants basically stated LGBTQ cant be raped.. It's prison life. The distress Defendants put plaintiff

-6-

through, with the sexual assaults, it lead to plaintiff attempting suicide at BKCC. Defendants refused to seperate plaintiff from these sexual aggressors. Plaintiff was threatened by inmates, weapons used, he was physically injured, choked, and raped, by multiple inmates at BKCC. Plaintiff was excluded from PREA policy and also Defendants fustrated use of the grievance procedure. One inmate who admitted to being in plaintiffs cell who wasn't in the manifest (assigned to unit or cell), admitting to musterbating leaving his DNA who was identified on camera by staff, they allowed him to continue to harrass, threaten, and abuse plaintiff at BKCC. Plaintiff wrote many kites/letters to Defendants to protect him, to enforce zero tolerance on sex abuse. Plaintiff also wrote grievances on sexual abuse by inmates and by staff a few of them returned to plaintiff, not logged, not accepted by Defendants. Plaintiff is a level 2 inmate housed at a higher more dangerous prison. Plaintiff is an asthmatic and suffers PTSD really bad. Plaintiff suffered more than de minimis injuries, as well as emotional injuries. Plaintiff tried really hard to get defendants to protect him from sexual abuse. Plaintiff was temporarily moved to the SAM pod at BKCC which is ran by licensed QMHP program. Plaintiff did get raped in that unit. Before plaintiff was raped he requested to move to safety. Defendants declined to move plaintiff to a different cell, unit, and denied a transfer for safety. Plaintiff had to face and deal with reprisal from these sexual aggressors. No due process hearing was done to move plaintiff to SAM unit. Plaintiff was so distressed he had black out spells, increasing PTSD and also leading to cardiac issues which effect his daily activities.

-7-

In addition to being raped in his single cell assignment repeatedly, he was also sexually abused at his job assignment in food service. Plaintiff kept requesting the area to be locked, but defendants declined to do so. Sexual aggressors were allowed to access plaintiff freely in his cell and at work due to lack of security. Plaintiff never recieved immediate response to sexual abuse nor protection from it by defendants. Defendants were told/informed by plaintiff if they moved him to SAM unit he would be raped, enemies/predatory inmates on that side, in that UNIT.

Buckingham also had no AC at all in the housing units. Plaintiff who is asthmatic would be subjected to extremely hot prolonged temps exceeding 100°F(plus) during summer months, no way to cool off.

Also the ventilation system so dirty, poor blowing outside heat at summer forcing plaintiff to breathe in unknown particles, dust, debris, allergens, and coal dust increasing the heat during summer months. The heat during winter from vents blowing same articles, giving poor air to breathe, worsening plaintiffs health, asthma worsening daily.

Between the defendants hindering and defendants actions on attempting to make the grievance procedure unavailable, failing to read substance, and not attempting to rectify anything causing injury to plaintiffs rights, they allowed plaintiff to suffer daily at BKCC.

Plaintiff put in an emergency grievance stating he is in imminent danger of sexual abuse/victimization, Defendant Anderson responds didn't meet the definition of an emergency, going against policy. On plaintiffs behalf congressman Scott and Governors office, as well as Attorney Generals office communicated to VDOC (Clarke, Durbin) on issues. The defendants

−8−

ignored these cries for help. Plaintiff tried to protect his right to bodily privacy and right to be protected from sexual abuse by inmates and staff. Plaintiff was raped by 5 security officers at BKCC. Plaintiff has suffered badly in VDOC, especially at BKCC.

The security staff members put fingers, penis' inside plaintiff, stretching plaintiffs genitals, squeezing them causing pain, orally sodomizing plaintiff, non consensual acts against plaintiffs will.

Housing plaintiff in single cells, in higher level institutions so plaintiff will be victimized, subjecting him to cruel/unusual punishments.

— 9 —

## Exhaustion of Legal Remedies

Plaintiff Farley used the grievance procedure at BKCC, as well as upon transfer to Keen Mountain, plaintiff also used the grievance procedure by mail to BKCC to try to solve the issues/constitutional violations. Plaintiff exhausted the grievance procedure as available to him. The substance of the grievances the defendants fail to read. The defendants did attempt to hinder use of the procedure: denying forms, loosing forms, the level I appeal responded to someone un-designated to answer. Plaintiff who mailed grievances to BKCC reporting more sexual abuse, had a few returned by mail from BKCC not logged, no response, unable to be appealed because the procedure being denied by BKCC.

Plaintiff is asking the court to excuse plaintiff from exhaustion of grievance procedure by Defendants actions. I've tried in good faith. If the facility opened the grievances, putting them into an institutional envelope, putting postage, writing my name, returning to me at my current facility not accepting, going against their grievance procedure, it should be deemed policy/procedure unavailable to me. Sexual abuse by policy grievances are to be accepted, logged, investigated. The grievance procedure is a systematic failure.

Plaintiff is following policy and prea policy, and meeting PLRA.

— 10 —

## LEGAL CLAIMS

1. Plaintiff asserts that Defendants have subjected him to cruel and unusual punishments by failing to protect plaintiff from sexual abuse. Plaintiff asserts that Defendants, with a culpable state of mind, went against policies/procedures with deliberate indifference to well documented/known past assaults sexual/physical plaintiff endured, allowing plaintiff to be raped. Plaintiff being known LGBTQ with PTSD being targeted at risk, violating his protected right under law of the federal and state constitution. Plaintiff had to suffer sexual assault.

2. Plaintiff asserts that defendants denied plaintiff Equal protection of the law where plaintiff is LGBTQ struggling with gender identity. In violation of his 14th Amendment of the constitution.

3. Plaintiff asserts that Defendants subjected plaintiff to intrusive body search by sexual abuse he endured by inmates and officers Doe 1-5. Plaintiffs right to bodily privacy violated.

4. Plaintiff asserts that Defendants intentionally inflicted emotional distress intentionally on him.

5. Plaintiff asserts that Defendants subjected him to cruel and unusual

-11-

punishment by subjecting him to poor quality air/ ~~exist is~~ making him suffer.

6. Plaintiff asserts that officers Does #1-5 sexually assaulted plaintiff, to inflict pain, harm, and injury to plaintiff, in violation of laws of the constitution/State of VA, using excessive force pinning cuffing.

7. Plaintiff asserts Defendants discriminated against him due to his LGBTQ status ~~all disabilities~~ (Asthma/PTSD/gender identity issue). In violation of ~~constitution~~ his constitutional rights

8. Plaintiff asserts Defendants subjected plaintiff to cruel and unusual punishments subjecting him to prolonged excessive heat in cell in violation of his rights.

9. Plaintiff asserts Defendants violated his protected rights of Title II of ADA discrimination based on his disabilities/mental health.

10. Due to sexual assaults with more than de minimo injury plaintiffs 8th Amendment right violated.

11. Defendants violated plaintiffs 8th Amendment right infliction intentional emotional distress leading plaintiff to self harm-

-12-

## PRAYER FOR RELIEF

The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants, unless the court grants the declaratory and injunctive relief which plaintiff seeks.

Wherefore, plaintiff respectfully prays that this court enter judgement granting plaintiffs

A declaration that the acts and ommissions described herein violated plaintiffs rights under the constitution and laws of the United states.

A declaration that officer Does #1-5 violated law, declaring a TORT.

A preliminary and permanent injuction to order defendants to protect plaintiff, housing plaintiff close to his home at a level 2 open dormatory or place plaintiff on house arrest in VA, monitoring,

order VDOC to provide a quick anonymous way by grievance for inmates to report sexual assault and be protected doing so.

Order VDOC to adopt a zero tolerance on sexual abuse as PREA mandates

-13-

To order VDOC to adopt a procedure grievance that allows inmates to report constitutional violations and emergencies quick.

Order a redress of plaintiffs grievances.

Compensatory damages in the amount of $1,000,000.00 per defendant, jointly and severly.

Punitive damages in the amount of $1,000,000.00 per defendant jointly and severally.

A jury trail on all issues triable by jury.

Emotional damages in the amount of $10,000,000.00 per defendants, jointly and severally.

Plaintiffs costs in this action.

Any additional relief this court deems fit, proper and equitable.

dated: 12/14/18            Respectfully submitted

*[signature]*

I certify all information in this complaint is true and correct.

—14—

Darrell Farley #1498691
Keen Mountain Corr-center
Po Box 860
Oakwood VA 24631

U.S. POSTAGE >> PITNEY BOWES
ZIP 24631 $ 001.10⁰
02 4W
0000336447 DEC. 17 2018

Clerk
U.S. District court - western Virginia
210 Franklin Road, Suite 540
Roanoke VA. 24011

OUTGOING
DEC 14 2018
LEGAL MAIL

legal mail