

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DARRELL FARLEY,<br>    Plaintiff, | Civil Action No. 7:18-cv-00634 |
| v. | **MEMORANDUM OPINION** |
| HAROLD CLARKE, et al.,<br>    Defendants. | By:  Hon. Jackson L. Kiser<br>       Senior United States District Judge |

Darrell Farley, a Virginia inmate proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983 against more than 30 officials and employees of the Virginia Department of Corrections ("VDOC") and one of its prison facilities, Buckingham Correctional Center ("BKCC"). The court conditionally filed Farley's complaint, advised him that the amended complaint "failed to connect any defendant to the conduct of which he complained" and did not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, both of which the court quoted in the order. (Order ¶ 2, [ECF No. 20]). Accordingly, the court required Farley to file a new pleading that would support his claims "with specific acts committed by specific defendants." Id. The court notified Farley that the amended complaint

> **must be a new pleading that stands by itself without reference to a complaint, attachments, or amendments already filed. Plaintiff's filings to date will not be considered by the court and should not be referenced by plaintiff in the proposed amended complaint.** The court requires plaintiff's proposed amendment to conform to the Federal Rules of Civil Procedure 8 and 10. A key component of a civil complaint is "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). This provision requires that a civil plaintiff must state not only the legal conclusion that he believes he can prove against the defendant, but also must state facts "showing" what the defendant did that allegedly violates plaintiff's rights. . . . **FAILURE TO AMEND THE COMPLAINT WITHIN FOURTEEN (14) DAYS FROM THE**

**DATE OF THIS ORDER, TO CORRECT THE NOTED DEFICIENCIES, SHALL RESULT IN DISMISSAL OF THE COMPLAINT.**

Id. at 2-3.

In response to the court's order, Farley filed an amended complaint, naming more than 30 prison officials as defendants, plus 11 John Doe defendants. In it, he presents eight numbered claims, alleging (1) sexual assault by John Does 1 through 11; (2) sexual assault by Elizabeth Thornton; (3) breach of duty to protect by the named defendants; (4) violation of Gender Motivated Crimes Act by the named defendants; (5) failure to adhere/adopt a grievance procedure by the named defendants: (6) retaliation by the named defendants for Farley's reporting unconstitutional conduct; (7) denial of air conditioning by the named defendants; and (8) being subjected to poor air quality by the named defendants. The amended complaint does not describe with any particularity any action involving Farley by individual defendants, including the John Does, on any particular date. The document states legal conclusions with no factual allegations to support those conclusions. Thus, Farley has not complied with the court's order. Specifically, he has not provided sufficient details about his claims to allow any defendant to respond, despite the court's express direction to provide such details. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that complaint must give defendants "fair notice of what [plaintiff's] claim[s are] and the grounds upon which [they] rest[ ]") (citation omitted). Thus, Farley has not complied with the court's order.[1] Accordingly, I will summarily dismiss this case. Because it is possible for Farley to cure the pleading's deficiencies and continue the litigation in a future, separate action,

---

[1] Additionally, Farley's amended complaint, like his initial complaint, attempts to join unrelated claims against unrelated defendants in an omnibus pleading that is completely inconsistent with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 18, 20. Farley simply cannot pursue in one lawsuit every legal claim that he may have against prison officials over the course of his criminal sentence.

the dismissal will be without prejudice. See, e.g., Domino Sugar Corp. v. Sugar Workers Local Union 392, 16 F.3d 1064, 1066-67 (4th Cir. 1993). An appropriate order will enter this day.

The clerk will send a copy of this memorandum opinion and the accompanying order to the plaintiff.

**ENTERED** this 9th day of July, 2019.

SENIOR UNITED STATES DISTRICT JUDGE